## IN THE MATTER OF THE APPLICATION OF WONG LUNG FOR A WRIT OF HABEAS CORPUS.

### ORIGINAL.

ARGUED NOVEMBER 22, 1905.     DECIDED NOVEMBER 22, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

INFAMOUS PUNISHMENT—*unlawfully imposed by jailer on misdemeanant.*
Compelling a prisoner to go through the public streets and labor on the public parks in public view in jail uniform, though not striped, is infamous punishment, and cannot lawfully be imposed on one convicted of a misdemeanor, even on the pretense that it is for the health as distinguished from the punishment of the prisoner; but the fact that such misdemeanant when held under a lawful sentence is subjected to such punishment by the jailer, without authority of law, does not entitle him to a discharge on habeas corpus, at least when the unlawful punishment was inflicted only for a brief period and had ceased sometime prior to the application for the writ.

### ORAL OPINIONS.

This was an application for a writ of habeas corpus for the

discharge of the applicant, who was serving a term of six months' imprisonment in Honolulu jail under a sentence of the district magistrate of Honolulu for having received stolen goods. The ground relied on for the prisoner's discharge was that the high sheriff as custodian of the prisoner in such jail inflicted upon him infamous punishment by compelling him, clothed in convict garb, to perform hard labor in said Honolulu before the public eye, and to pass along the public highways in going to and from such hard labor. The respondent admitted that the prisoner was required to pass through the public streets of Honolulu and to work upon a public park in public view in the unstriped uniform of the inmates of such jail. The defense was that under the rules of the prison inspectors the high sheriff might, upon the recommendation of the prison physician, for the maintenance of the good health of the prisoners, compel them under supervision of guards to perform manual labor at such places and under such conditions and at such times as may seem best for the health of such prisoners; that the prisoner in question was subjected to the treatment complained of for the benefit of his health in accordance with the said rule for a period of five days as alleged in the petition for the writ, ending several days prior to the filing of the petition; that the labor complained of was not hard labor under the circumstances; that such labor and also exposure to public view in a uniform not striped and therefore, as contended, not in convict garb, was not infamous punishment; and that the word "labor" in section 2 of act 58 of the Laws of 1905, which provides that no prisoner confined in the Honolulu jail shall be subject or compelled to perform "labor" during the term of his imprisonment must be construed to mean "hard labor" when read in connection with the provisions of acts 33 and 59 passed at the same session.

FREAR, C. J. The court is of the opinion that the treatment of the prisoner by the high sheriff was of an infamous nature, that is, that it is infamous punishment to take one sentenced for the commission of a misdemeanor, imprisoned in Honolulu jail, through the public streets in a uniform—the uniform used

in that jail—and compel him to work on the public parks of the city in the public view, but the court is of the opinion that that does not necessarily entitle the prisoner to his discharge. It is not disputed that the prisoner is imprisoned lawfully—under a valid law—under a lawful sentence; and the high sheriff, the respondent, is entitled to retain him under that sentence in Honolulu jail. The fact that the jailer, the respondent, has inflicted a punishment or a wrong upon the prisoner which he was not by law authorized to inflict does not entitle the prisoner to his discharge, at least, when, as in the present case, it appears that that unlawful punishment or that wrong, was imposed upon him at a time prior to the bringing of this petition—some days prior I believe.

Accordingly, the order of the court is that the prisoner be and he is remanded to the custody of the high sheriff.

HARTWELL, J. As to what constitutes infamous punishment, there are many different things, not merely hard labor as the attorney general has said. Being found in company with felons is per se an infamy. Hard labor is not per se infamous. On the contrary it is highly honorable in the opinion of a great many people including myself. It is the compulsory association with felons, or the compulsory hard labor in the public eye which tends to produce infamy. I would not say that compulsory hard labor away from the public gaze is infamous by any means, but bringing one before the public dressed in garb that shows that he is a convict,—whether his hair is cropped or not,—so that every one understands that he is placed at the hard labor usually imposed upon convicted felons.

*L. M. Straus* for petitioner.

*E. C. Peters, Attorney General,* for respondent.